OPINION
{¶ 1} Appellant National Union Fire and Insurance Company of Pittsburgh, PA appeals a judgment of the Stark County Common Pleas Court awarding appellee Mitchell Floom prejudgment interest in the amount of $1,953,427.76:
 {¶ 2} "The trial court erred as a matter of law by awarding prejudgment interest from December 31, 1999, when the policy provided that coverage attached only after "exhaustion by payment" of the underlying policy, and floom did not provide evidence payment was made on December 31, 1999.
 {¶ 3} "The trial court abused its discretion in awarding prejudgment interest from December 31, 1999, when notice of claim was not given until October 20, 2000.
 {¶ 4} "The trial court erred in awarding interest from the date of the judgment confirming the arbitration award through the date of its February 19, 2003 judgment entry when the amount of interest was not capable of calculation prior to February 19, 2003."
 {¶ 5} On January 17, 1998, Floom was a passenger in a motor vehicle driven by Ann Spehar on Interstate 77. Spehar drove over black ice, spun-out on the highway and came to rest in the right shoulder with a flat right front tire. Floom left the vehicle to change the flat tire. Shortly thereafter, Tracy McGuire lost control of her vehicle, on the same patch of ice, and spun-out pinning Floom between her vehicle and Spehar's vehicle. As a result of the injuries Floom sustained in the accident, he underwent bilateral above the knee amputation.
 {¶ 6} At the time of the accident, McGuire was insured by Reliant Insurance Company ("Reliant") with a policy limit of $ 12,500. By letter dated June 12, 1998, Reliant offered Floom its policy limits in exchange for a release of McGuire. Reliant again renewed its offer of settlement on September 8, 1998 and February 10, 1999. On October 17, 2000, Floom sent a letter to Claims Management, Inc., the claims administrator for Wal-Mart where Floom was employed on the date of the accident. The purpose of the letter was to place Wal-Mart's underinsured motorist carrier on notice of Floom's underinsured motorist claim.
 {¶ 7} In turn, Claims Management, Inc. submitted Floom's letter to National Union. National Union's receipt of this letter was the first notice it had of Floom's claim for underinsured motorist coverage. By letter dated January 9, 2001, National Union acknowledged Floom's claim and requested additional details of Floom's underinsured motorist claim.
 {¶ 8} Thereafter, on February 12, 2001, Floom filed a complaint against National Union seeking underinsured motorist coverage. National Union failed to file an answer or other responsive pleading. On March 20, 2001, Floom sought a default judgment which the trial court granted the following day. The trial court scheduled a damages hearing for April 20, 2001. On April 17, 2001, National Union filed a Motion to Vacate Default Judgment. On April 18, 2001, the trial court conducted a telephone conference with the parties. During this conference, National Union agreed to waive policy defenses that may have been available to it and submit Floom's claim to binding arbitration in consideration of the damages hearing being canceled.
 {¶ 9} This matter proceeded to arbitration on August 16, 2001. Prior to arbitration, National Union requested copies of all documents evidencing settlements with McGuire in order to determine setoff. In response to this discovery request, Floom sought and obtained a protective order and has never produced any evidence concerning if or when Reliant paid its policy limits to Floom. On September 4, 2001, the arbitrators entered an award in favor of Floom in the amount of $ 10,000,000.
 {¶ 10} On October 2, 2001, the trial court entered judgment in the amount of $9,900,000 reducing the award by sums previously received by Floom.
 {¶ 11} On this same date, Floom filed his Motion for Prejudgment Interest. In his motion, Floom argued that underinsured motorist benefits became due and payable on June 12, 1998, the date Reliant sent Floom its first of three letters offering the policy limits in exchange for a release from McGuire. National Union responded that since the policy provided that money was due and payable "only after all * * * policies have been exhausted by * * * payments," Floom's right to prejudgment interest did not attach until the later of the date Floom received payment from the tortfeasor or the date National Union received notice of Floom's claim for underinsured motorist benefits.
 {¶ 12} On November 9, 2001, the trial court found in favor of Floom and awarded him prejudgment interest in the amount of $ 3,273,780.96. The trial court found prejudgment interest triggered from June 12, 1998 to October 2, 2001, the date on which the arbitrators issued their decision.
 {¶ 13} On appeal to this court, we held that the date the settlement was complete was the date on which the tortfeasor's policy was exhausted pursuant to the language in the contract. Floom v. Prudential,
Stark Appellate No. 2001CA00373, 2002-Ohio-4270. We remanded the case to the trial court to determine the date on which appellee settled with Reliant as it is on this date that McGuire's policy was exhausted by payment, triggering the commencement of the prejudgment interest.
 {¶ 14} On remand, the trial court found that appellee settled with Reliant on December 30, 1999. The court further found that interest shall continue to accrue until paid in full. The court found the interest due on January 30, 2003, was $1,738,603.08, plus $214,824.68 as additional interest on the unpaid amount, totaling $1,953,427.76. The court further found that appellee would be entitled to $476.33 per day following this date until the amount of the judgment is paid in full.
 I {¶ 15} In its first assignment of error, appellant argues that the court erred in finding that the policy was exhausted on December 31, 1999, as appellee did not provide evidence that payment was made on that date.
 {¶ 16} Our earlier opinion in this case states: "*** We remand this matter to the trial court for the court to determine the date on which Floom settled with Reliant as it is on this date that McGuire's policy was exhausted by payment." Id. We did not require that evidence be presented of an actual payment by way of check. The release in the instant case, signed December 30, 1999, states that all claims arising out of the automobile accident are released in exchange for $12,500, the receipt of which is acknowledged by the release. Contrary to appellant's argument, this court did not require that actual evidence of the date on which the check was received be presented. The release clearly evidenced complete settlement of all claims in exchange for payment. The trial court did not err in finding that under the terms of this court's prior opinion interpreting the law and contract language, the policy was exhausted by settlement with Reliant on December 31, 1999.
 {¶ 17} The first assignment of error is overruled.
 II {¶ 18} Appellant argues that the court erred in not awarding prejudgment interest from the date of October 20, 2000, as that is the date on which notice was first given.
 {¶ 19} While appellant argues that this assignment of error, having been found moot in our earlier opinion, is now ripe for review, we find that this claim is barred by the doctrine of law of the case. While we found this assignment of error moot in the earlier appeal, we implicitly rejected the argument, as the assignment requested a finding of a different date from which prejudgment interest should begin to run than that selected by the court. As we determined that prejudgment interest should run from the day on which appellant settled with Reliant, we implicitly rejected appellant's claim that the date of notice is the appropriate start date.
 {¶ 20} As appellant failed to appeal to the Ohio Supreme Court based on this issue, appellant has waived any right to claim error, as our earlier opinion is now law of the case. Pursuant to the law of the case doctrine, on remand, a trial court must adhere to the appellate court's determination, and is without authority to extend or vary the mandate given, absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court. Hawley v. Ritley (1988),35 Ohio St.3d 157. Pursuant to the doctrine of the law of the case, the trial court could not consider this argument on remand. Further, the law of the case doctrine applies to subsequent proceedings in the reviewing court, and we must follow our decision in a later appeal on the same case. Sigrist v. South Central Power Company (March 3, 1998), Perry App. No. 97-CA-50. We thus cannot now consider this argument, having implicitly rejected it in the earlier appeal.
 {¶ 21} The second assignment of error is overruled.
 III {¶ 22} Appellant argues that the court erred in awarding interest from the date of the judgment through January 31, 2003, as the court was awarding interest on top of interest. Appellant argues that from November 5, 2001, the date the trial court originally entered the judgment awarding prejudgment interest, until February 19, 2003, the date the court entered its final entry after remand, the amount of the debt remained in dispute.
 {¶ 23} Pursuant to R.C. 1343.03(A), post-judgment interest runs from the date the money becomes due and payable. The statute does not require that the amount be liquidated or dependent on a sum certain, contrary to the argument of appellant.
 {¶ 24} There is ample authority in Ohio law for the proposition that a party is entitled to interest on statutory interest owed, when interest is in fact a part of the debt owed. E.g., Nakoff v. FairviewGen. Hosp. (1997), 118 Ohio App.3d 786. When interest is part of the debt owed, awarding interest upon that interest is not compounded interest, and is allowable under Ohio law. Id.
 {¶ 25} The court did not err in finding that the interest debt became due and payable in November of 2001. The first appeal was unsuccessful as to appellee's entitlement to interest, and this court remanded solely for the purpose of determining the exact date. Thus, on November 5, 2001, appellant's liability to pay prejudgment interest to appellee was established by judgment entry. Appellant's liability for this interest was left intact by this court on appeal. As of November 5, 2001, the interest debt was $1,738,603.08, of which appellant had paid nothing. Pursuant to R.C. 1340.03(A) the trial court correctly granted statutory interest on this debt, and continued this post-judgment interest until the debt is paid in full.
 {¶ 26} The third assignment of error is overruled.
 {¶ 27} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Edwards, J., concur.