{¶ 26} I write separately from the majority simply to emphasize that our disposition of Ms. Croal's first and third assignments of error as moot should not be interpreted as creating any law of the case or res judicata effect concerning the validity of the issues she raises thereby. Appellate courts of this state have found that the doctrine of law of the case can attach to an error found to be moot, absent appeal to the Supreme Court of Ohio. See, e.g., Floom v. Prudential Propertyand Cas. Ins. Co., 5th Dist. No. 2003CA00122, 2003-Ohio-5957, at ¶ 19-21. This occurs when the error found moot is otherwise disposed of by the appellate court's ruling. Id. However, in this case, the assigned errors are moot, because the hearing below was insufficient, and must be re-held. If Ms. Croal believes the same or other errors exist following the new hearing, she will have full opportunity to appeal them then. As this court stated in Williams, supra, at ¶ 45: "[a] decision based on clear and convincing evidence requires overwhelming facts, not the mere calculation of future probabilities."
 {¶ 27} I respectfully note that consolidation of this case with father's appeal from the same ruling of the trial court, would have served the interests of judicial economy, and more important, clarity. The attorneys for the various parties all expected consolidation. I agree with the majority's fundamental disposition of these appeals, but remain concerned that by failing to consolidate, we risk confusing matters, for all the parties, the trial court, and the Supreme Court of Ohio, should any of the parties choose to appeal our decisions announced today.
 {¶ 28} I concur. *Page 1