OPINION
{¶ 1} Defendants Steven and Connie Limbacher appeal a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which awarded plaintiff Paradise Homes, Inc. $16,500.00 for breach of contract, and offset this with an award to defendants in the amount of $7,283.80. Appellants assign three errors to the trial court:
 {¶ 2} "I. The trial court's findings of fact and the opposing parties' judicial admissions of record prove the trial court committed reversible error as a matter of law in holding that paradise had proven a breach of contract by the limbachers.
 {¶ 3} "II. The trial court erred as a matter of law in granting a judgment to paradise on quantum meruit since the court itself found there was [sic] written contracts governing the parties' dealings.
 {¶ 4} "III. The trial court erred as a matter of law in failing to find that paradise and mr. holmes had violated the ohio consumer sales practice act."
 {¶ 5} The matter was tried to the court. The court made various findings of fact and conclusions of law. The court found the Limbachers entered into a purchase agreement with Paradise Homes, Inc. to purchase a modular home for $59,000.00, and for construction in conjunction with the modular home for additional amount of $30,850.00. Later, Limbachers requested additional work done, which increased the construction total to $32,750.00. The Limbachers entered into a construction note with National City Bank, and borrowed $111,950.00. The lot upon which the modular home would be placed cost $30,000.00.
 {¶ 6} Paradise Homes, Inc. then began construction work at the lot site. Paradise's agent testified as the work progressed, it ran into certain complications which required additional costs. The additional costs were not passed on to the Limbachers.
 {¶ 7} The trial court found Steven Limbacher was highly involved in the construction project, and had staked out the lot. He drove by the property every day to and from work to check on the project, and on a nearly daily basis, video-taped and photographed Paradise's progress. Steven Limbacher kept a written journal regarding the project, and a tape recorder in his car so he could record what was going on at the project. He drew multiple drawings of the home on a computer program to show how he thought it should sit on the property.
 {¶ 8} Paradise Homes, Inc. or its sub-contractor, graded and excavated the home site, laid the foundation and basement, rough graded the lot and erected the house and garage. As the work progressed, National City Bank made partial payments.
 {¶ 9} The court found Jim Civiello, drilled the well on the property. The court found Civiello was not paid by Paradise Homes, and National City Bank paid him directly. The court found the payment should be subtracted from the Limbachers' total costs.
 {¶ 10} The Limbachers purchased a water treatment system, and sought $4,000 damages. The court found the evidence did not support the necessity of the additional expense.
 {¶ 11} The Limbachers' basement experienced problems with standing water because of inadequate drainage systems installed by Paradise Homes. Trico Construction corrected the problem at the Limbachers' expense.
 {¶ 12} In March of 2001, the Limbachers executed a pre-occupancy inspection report after a walk-through. They listed three items to repair or replace in the dining room and one repair to the exterior siding. On or around the same time, the Limbachers signed a "master key authorization". This document acknowledges the Limbachers had not paid in full and agreed not to take the possession of the home until Paradise Homes was paid in full. The authorization expressly states that Limbachers agreed not to hold any funds due to Paradise for any service-related issues. After executing the preoccupancy inspection report and the master key authorization, the Limbachers tendered a payment by personal check. The payments made to this date did not constitute payment in full.
 {¶ 13} On July 27, 2001, Paradise Homes changed the locks on the home and attempted to repair the septic system, which had not received health department approval. Steven Limbacher was on the property the same day. When Paradise Homes entered the property with the replacement tanks for the septic system, Limbacher called the sheriff to have Paradise Homes' personnel escorted off the property. Before the sheriff removed Paradise Homes, it dug out the old tank to replace it, but cracked it in the process. Paradise Homes did not complete the septic and mound system, and Trico Construction did so at a cost of $3,200.00.
 {¶ 14} The court found the total contract price for the home and construction was $91,750.00, of which the Limbachers paid $72,250.00. The court credited them with the payment made directly to Civiello Drilling in the amount of $3,000.00.
 {¶ 15} The trial court found both Paradise Homes, Inc., and the Limbachers breached the contract. The court found Paradise Homes, Inc. did not meet its burden as to its claim of negligent misrepresentation and conversion. The court found both Paradise Homes, Inc., and the Limbachers failed to meet their burdens on each's claim of trespassing against the other. The court also found the Limbachers had not met their burden on their claim of violation of the Consumer Sales Practices Act.
 I {¶ 16} The Limbachers first assert the trial court erred as a matter of law in finding they breached their contract with Paradise Homes, Inc. They assert the court's findings of fact and Paradise's judicial admissions are inconsistent with the court's conclusions of law and decision.
 {¶ 17} The Limbachers urge Paradise stopped work on the Limbacher home on May 14, 2001, walking off the job and declining to continue work on the septic and mound system. The trial court did not make a finding of fact to this effect, but found Paradise attempted to do more work on the septic and mound system on July 27, 2001, but was prevented from doing so by the Limbachers. The Limbachers urge the party who is first to breach a contract is not entitled to collect damages from the nonbreaching party, who is excused from performing because of the breach.
 {¶ 18} The trial court made no finding as to which party first breached the contract between them. Although the Limbachers couched their assignment of error, in terms of error as a matter of law, they contest the trial court's findings of fact as inaccurate and incomplete. However, the Limbachers provided this court with only a partial transcript of proceedings. Where the record does not contain portions of a transcript necessary to resolve the assigned errors, the reviewing court has nothing to pass upon and must presume the validity of the lower court's proceedings, see Knapp v. Edwards Laboratories, (1980),61 Ohio St. 2d 197.
 {¶ 19} When possible, courts should construe provisions of a bi-lateral contract as mutually dependent and concurrent, rather than one promise as a condition precedent to the other, and courts should apply the Doctrine of Substantial Performance under these conditions, see e.g.,Kaufman v. Byers, Geauga Appellate No. 2003-G-2525, 2004-Ohio-6346. Under the Doctrine of Substantial Performance, substantial performance only is required of the each party, and exact or literal performance is not necessary, Id., citations deleted.
 {¶ 20} The trial court's findings show the total contract price for the home and construction was $91,750.00. The extent of the breach of Paradise Homes, Inc. was $7283.80. It appears to this court Paradise Homes substantially complied with the terms of the contract, such that it was entitled to bring an action against the Limbachers for breach of contract. Likewise, the Limbachers failed to pay the entire amount due, owing some $16,500.00 of the total purchase price. Thus, the Limbachers can be considered to have substantially performed, such that they could bring an action against Paradise Homes, Inc. for its breach.
 {¶ 21} We find the trial court did not error in awarding a judgment to Paradise Homes, Inc. on the breach of contract claim. Accordingly, the first assignment of error is overruled.
 II {¶ 22} In their second assignment of error, the Limbachers urged the trial court erred as a matter of law because it awarded Paradise Homes, Inc. damages on both a contract theory of recovery, and also on quantum meruit. As Limbachers correctly state, in general the two are alternative theories of recovery. However, the trial court did not grant separate damages for each. Because we find the court was correct in awarding damages on breach of contract, we find no prejudice including the term quantum meruit in its decision.
 {¶ 23} The second assignment of error is overruled.
 III {¶ 24} In their third assignment of error, the Limbachers urged the trial court erred as a matter of law in finding they had not met their burden of proving Paradise had violated the Ohio Consumer Sales Practices Act. The Limbachers point to two areas in which they assert Paradise violated the act: First, with regard to the defective septic system, and secondly, in failing to pay Civiello Drilling for the well.
 {¶ 25} R.C. 1345 embodies the Consumer's Sales Practices Act. The Act is intended to be remedial and should be construed liberally in favor of consumers, Einhorn v. Ford Motor Company (1990), 48 Ohio St. 3d 27,548 N.E. 2d 933.
 {¶ 26} R.C. 1345.01 defines what constitutes a consumer transaction to which the act applies. It appears the parties all agree the act applies to this transaction.
 {¶ 27} R.C. 1345.02 prohibits unfair or deceptive acts or practices. Subsection B contains a list of practices which are unfair or deceptive, and authorizes the attorney general to adopt substantive rules that define acts or practices which violate the act. These rules are codified in the Ohio Administrative Code. However, Ohio courts have also defined a variety of specific acts and practices which are unfair or deceptive, see, e.g., Frey v. Vin Devers, Inc.(1992), 80 Ohio App. 3d 1,608 N.E. 2d 796; Fletcher v. Don Foss of Cleveland, Inc. (1993),90 Ohio App. 3d 82, 628 N.E. 2d 60. Thus, the act does not provide an all-inclusive list of what constitutes an unconscionable act or practice, but R.C. 1345.03 sets forth the factors a court should use to determine if an act is unconscionable. Those factors include:
 {¶ 28} (1) Whether the supplier has knowingly taken advantage of the inability of the consumer reasonably to protect his interests because of his physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement;
 {¶ 29} (2) Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers;
 {¶ 30} (3) Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;
 {¶ 31} (4) Whether the supplier knew at the time the consumer transaction was entered into that there was no reasonable probability of payment of the obligation in full by the consumer;
 {¶ 32} (5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier knew were substantially one-sided in favor of the supplier;
 {¶ 33} (6) Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to his detriment;
 {¶ 34} (7) Whether the supplier has, without justification, refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had conspicuously posted in the establishment at the time of the sale a sign stating the supplier's refund policy.
 {¶ 35} Regarding the work on the septic system, not every instance of substandard work is a violation of the act, if there is nothing deceptive or misleading about it, see, e.g., Yates v. Mason Masters, Inc., Lake Appellate No. 2002-L-001, 2002-Ohio-6697. The trial court made no findings which would demonstrate Paradise engaged in any unfair or deceptive acts in its installation of the septic system. The court found Paradise attempted to perform further work on the septic system in order to bring it up to code, but Limbachers had Paradise's workers escorted from the property. Additionally, the court found the Limbachers had not proven Paradise was trespassing at that time. This court can only conclude the trial court was correct in finding the Limbachers had not demonstrated Paradise Homes, Inc. violated the act with regard to the septic system.
 {¶ 36} With regard to the failure to pay Civiello Drilling for the well, the Limbachers cite us to State ex rel. Celebrezze v. AmericanCustom Homes, Inc. (July 17, 1984), Cuyahoga County Common Pleas No. 993829, wherein the court found failure to pay a subcontractor, resulting in the filing of a lien against the property, is a violation of the Consumer Sales Practices Act. We do not agree with this holding.
 {¶ 37} We find that failure to pay a subcontractor is not a per se violation of the act. The trial court's finding was only that the Limbachers, not Paradise Homes, Inc., paid Civiello Drilling. The court did not find Civiello presented the bill to Paradise, and did not find Paradise refused to pay the bill, or refused to give the Limbachers credit for paying it directly. The trial court's fact findings, standing alone, do not demonstrate a deceptive or unconscionable act.
 {¶ 38} We conclude the trial court correctly found the Limbachers had not met their burden of proof as to their claims under the Consumer Sales Practices Act.
 {¶ 39} The third assignment of error is overruled.
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
By Gwin, J., Hoffman, J., and Boggins, P.J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs to appellants.