OPINION
{¶ 1} On July 20, 2001, appellee, Paradise Homes, Inc., filed a complaint against appellants, Steven and Connie Limbacher, alleging breach of contract, quantum meruit, negligent misrepresentation, conversion and foreclosure on a mechanic's lien regarding a manufactured home appellants had purchased. On September 24, 2001, appellants filed an answer and counterclaim against appellee and a counterclaim against new party Robert Holmes, Jr. Appellants alleged breach of contract, trespass and a violation of the Consumer Sales Practices Act.
 {¶ 2} A bench trial was held over numerous days between June and December 2002. By judgment entry filed April 1, 2004, the trial court found in favor of appellee as against appellants in the amount of $16,500.00 and in favor of appellants as against appellee in the amount of $7,283.80. The trial court ordered appellee to pay appellants $7,283.80 and ordered appellants to pay appellee $9,216.20. Appellants filed an appeal on May 3, 2004. On July 28, 2004, a judgment lien in the amount of $9,216.20 was filed against appellants. By opinion and judgment entry filed February 15, 2005, this court affirmed the trial court's decision. See, Paradise Homes, Inc. v. Limbacher,
Tuscarawas App. No. 2004-AP-0037, 2005-Ohio-745.
 {¶ 3} On August 26, 2005, appellants filed a motion with the trial court to deposit the net judgment owed in the amount of $1,932.40, stay execution of the judgment and vacate the judgment lien. A hearing was held on September 6, 2005. By judgment entry filed September 12, 2005, the trial court reviewed its April 1, 2004 judgment entry and found the judgment lien in the amount of $9,216.20 was the correct amount.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE APRIL 1, 2004 JOURNAL ENTRY AWARDED PARADISE INC. A $9,216.20 FIXED, NET JUDGMENT, THE $7,283.20 JUDGMENT SEPARATELY AWARDED THE LIMBACHERS AT THE SAME TIME NOTWITHSTANDING."
 II {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE APRIL 1, 2004 JOURNAL ENTRY AWARDED PARADISE INC. A $9,216.20 FIXED, NET JUDGMENT DESPITE THE EXPLICIT PROVISION IN THAT JOURNAL ENTRY THAT THE LIMBACHERS' SEPARATE $7,283.20 JUDGMENT `SHALL OFFSET' THE RECOVERY AWARDED PARADISE INC."
 III {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE APRIL 1, 2004 JOURNAL ENTRY AWARDED PARADISE INC. A $9,216.20 FIXED, NET JUDGMENT SINCE PARADISE INC. WAIVED ANY CLAIM THAT AMOUNT SHOULD HAVE BEEN AWARDED AS A NET JUDGMENT, OR THAT IT WAS ENTITLED TO $16,500.00 AS THE AMOUNT OF ITS RECOVERY, SINCE PARADISE INC. NEVER APPEALED THE APRIL 1, 2004 JOURNAL ENTRY."
 IV {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY RETROACTIVELY ALTERING THE SUBSTANCE OF AN UNAMBIGUOUS FINAL ORDER UNDER THE GUISE OF INTERPRETATION, AND BY ADOPTING A CONSTRUCTION THAT RENDERS SUPERFLUOUS AND DENIES ANY LEGAL EFFECT TO THE EXPLICIT, SEPARATE AWARD OF SUBSTANTIAL DAMAGES TO THE LIMBACHERS IN THE APRIL 1, 2004 JOURNAL ENTRY."
 I, II, III, IV {¶ 9} Although appellants assign four assignments of error, the central issue is the meaning of the April 1, 2004 judgment entry and the trial court's interpretation of said entry after an objection by appellants regarding the amount of the judgment lien placed on the real property.
 {¶ 10} A final judgment on this matter was filed on April 1, 2004 with a certificate of judgment lien filed on July 28, 2004. Appellants appealed the April 1, 2004 decision to this court, and this court affirmed the trial court's decision. See, ParadiseHomes, Inc. v. Limbacher, Tuscarawas App. No. 2004-AP-0037,2005-Ohio-745. In this opinion at ¶ 20, we summarized our interpretation of the April 1, 2004 judgment entry as follows:
 {¶ 11} "The trial court's findings show the total contract price for the home and construction was $91,750.00. The extent of the breach of Paradise Homes, Inc. was $7283.80. It appears to this court Paradise Homes substantially complied with the terms of the contract, such that it was entitled to bring an action against the Limbachers for breach of contract. Likewise, the Limbachers failed to pay the entire amount due, owing some $16,500.00 of the total purchase price. Thus, the Limbachers can be considered to have substantially performed, such that they could bring an action against Paradise Homes, Inc. for its breach."
 {¶ 12} During this appeal, issues were not raised as to the meaning of the April 1, 2004 judgment entry. Appellants claim the trial court's orders in the April 1, 2004 judgment entry are inconsistent with the trial court's decision on the amount of the judgments. Under "ORDERS," The trial court ordered the following:
 {¶ 13} "1. The Defendants, Steven R. Limbacher and Connie L. Limbacher, shall recover from the Plaintiff and Third Party Defendant, damages in the amount of Seven Thousand Two Hundred Eighty-three Dollars and 80/100 ($7,283.80), which shall offset the amount of the Plaintiff's recovery.
 {¶ 14} "2. The Defendants, Steven R. Limbacher and Connie L. Limbacher, shall pay the Plaintiff the sum of Nine Thousand Two Hundred Sixteen Dollars and 20/100 ($9,216.20), plus interest at the rate of ten percent (10%) from the date of judgment."
 {¶ 15} Included in this judgment entry is a section titled "Decision" which includes the following statements:
 {¶ 16} "1. The Plaintiff, Paradise Homes, Inc., has met its burden and is entitled to judgment against the Defendants, Steven R. Limbacher and Connie L. Limbacher, in the amount of Sixteen Thousand Five Hundred Dollars and 00/100 ($16,500.00), for breach of contract and quantum meruit.
 {¶ 17} "The Defendants have met their burden and are entitled to judgment against the Plaintiff and Third Party Defendant for breach of contract, specifically, for the failure of said parties to complete the work on the septic and mound system, and the drainage. The Defendants are entitled to damages in the amount of Seven Thousand Two Hundred Eighty-three Dollars and 80/100 ($7,283.80)."
 {¶ 18} In reviewing the April 1, 2004 judgment entry after the filing of the judgment lien, the trial court found the following:
 {¶ 19} "The Court clearly Ordered that the Defendants' recovery would offset the Plaintiff's recovery. Judgment Entry, p. 9, (Order, ¶ 1).
 {¶ 20} "Finally, the Court Ordered that the Defendants would pay to the Plaintiff the sum of Nine Thousand Two Hundred Sixteen and 20/100 Dollars ($9,216.20). Judgment Entry, p. 9 (Order, ¶ 2).
 {¶ 21} "The Order to offset (¶ 1) is followed by the only
order to pay (¶ 2), aside from the equal division of costs.
 {¶ 22} "Therefore, the Court FINDS that the Plaintiff's Judgment Lien in the amount of Nine Thousand Two Hundred Sixteen and 20/100 Dollars ($9,216.20) plus interest, is the correct amount." See, Judgment Entry filed September 12, 2005.
 {¶ 23} The trial court has the inherent power to interpret and enforce its own orders. Steineck v. Steineck (June 3, 1993), Tuscarawas App. No. 92AP110080. Such interpretations are within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 24} We find the trial court sub judice was clearly within its right and power to interpret the April 1, 2004 judgment entry for the following reasons. As cited supra, the "DECISION" section states "Plaintiff is * * * entitled to judgment against the Defendants * * * in the amount of * * * ($16,500.00)" and "Defendants * * * are entitled to damages in the amount of * * * ($7,283.80)." With the "ORDERS" section ordering an "offset," an ambiguity developed. The trial court was entitled to address and correct the ambiguity.
 {¶ 25} In addition, appellants appealed to the trial court to determine the correct amount of the judgment lien by their own motion filed August 26, 2005.[1]
 {¶ 26} Accordingly, we find no error in the trial court's decision in interpreting its own judgment entry.
 {¶ 27} Assignments of Error I, II, III and IV are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
[1] During oral argument, appellants' counsel impugned the trial court's actions by claiming it did not properly remember the issues.