NAKOFF, Appellee,

v.

FAIRVIEW GENERAL HOSPITAL et al., Appellants.

[Cite as *Nakoff v. Fairview Gen. Hosp.* (1997), 118 Ohio App.3d 786.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71081.

Decided March 17, 1997.

*Don C. Iler*, for appellee.

*Jacobson Maynard Tuschman & Kalur, Janis L. Small, John S. Polito* and *John A. Simon*, for appellants.

*Per Curiam.*

In this accelerated appeal, we must determine whether a prejudgment interest award is subject to postjudgment interest, and if so, whether prejudgment interest and the underlying damage award are merged for purposes of the postjudgment interest. The trial court ruled that prejudgment interest is subject to postjudgment interest and is merged with the underlying damage award for purposes of postjudgment interest. The appellant appeals the trial court's ruling and assigns the following error for our review.

"The trial court erred in granting plaintiff-appellee's request for 'postjudgment interest on prejudgment interest,' in violation to R.C. 1343.03."

After viewing the record and arguments of the parties, we conclude that the trial court is correct. Here, appellee was awarded $2,486,933.86 for appellant's negligence. Thereafter, the trial court awarded him $964,793.87 in prejudgment interest. He then moved to merge the two awards and have postjudgment interest calculated thereon. The trial court granted his motion, and this appeal followed.

We conclude that postjudgment interest may be calculated on prejudgment interest and that postjudgment interest on prejudgment interest is not

compounded interest. When interest is in fact a part of the debt owed, awarding interest upon the interest that is a part of the debt is not compounded interest. *Singer v. Celina Group* (May 30, 1995), Stark App. No. 0333, unreported, 1995 WL 495427 (relying on *Anketel v. Converse* [1866], 17 Ohio St. 11).

■ *Singer* also held that prejudgment interest shall be merged with the underlying damage award for purposes of postjudgment interest. Because prejudgment interest is a part of the judgment and like all other components is merged into a single judgment, we uphold the trial court's decision. See *Quality Engineered Installation, Inc. v. Higley S., Inc.* (Fla.1996), 670 So.2d 929 (prejudgment interest becomes a part of a single total sum adjudged to be due and owing, with postjudgment interest then accruing on the merged total).

Accordingly, appellant's assigned error is overruled.

*Judgment affirmed.*

PATRICIA ANN BLACKMON, NAHRA, and SPELLACY, JJ., concur.