JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants Dunlap Memorial Hospital and Robert F. Lindsay, D.O. ("defendants") appeal the trial court's award of additional post-judgment interest to plaintiffs-appellees Mindy Sue Snyder, Terry Snyder, and Judith Snyder ("the Snyders"). Finding merit to the appeal, we reverse.
 {¶ 2} In their complaint, the Snyders alleged that their daughter, Mindy Sue Snyder, was injured as a result of the medical malpractice of Dr. Robert F. Lindsay, Dr. David Lance, Dunlap Memorial Hospital, Dr. William Cox, DI Associates, and Metrohealth Medical Center.
 {¶ 3} During the course of the litigation, the Snyders voluntarily dismissed DI Associates without prejudice. On February 15, 2000, the Snyders, Dunlap Memorial Hospital ("Dunlap"), Dr. Lindsay, and Dr. Lance signed a stipulated dismissal, stating that the case was settled as to these defendants. The parties also entered into a confidential settlement agreement. On February 22, 2000, the Snyders dismissed the other defendants with prejudice.
 {¶ 4} The settlement agreement provided that Dunlap, Dr. Lance, Dr. Lindsay, and their insurer, OHIC (the "defendants"), would make settlement payments into a Qualified Settlement Fund. On March 6, 2000, the Snyders filed a motion with the trial court to establish the Snyder Qualified Settlement Fund (the "Fund") as the payee for all settlement proceeds. This Fund would enable the Snyders to pay less federal taxes on the settlement payments. On March 10, 2000, the trial court granted the Snyders' motion to establish the Fund.
 {¶ 5} On March 24, 2000, fourteen days after the trial court granted the Snyders' motion to establish the Fund, the defendants forwarded the settlement proceeds to the Fund. On April 17, 2000, the Snyders filed a motion seeking post-settlement interest from February 15, 2000, the date the case was settled, to March 24, 2000, the date the Fund received the settlement proceeds. The trial court denied the motion, and the Snyders appealed.
 {¶ 6} In April 2001, this court issued its decision in Mindy SueSnyder et al. v. Robert F. Lindsay D.O. et al., Cuyahoga App. No. 78121, 2001 Ohio App. Lexis 1715, holding that the Snyders were entitled to post-judgment interest calculated from the date the settlement amount became due and payable to the date the payment was made. Accordingly, this court remanded the case for an evidentiary hearing to determine when the settlement amount became due and payable.
 {¶ 7} The Snyders appealed the decision to the Ohio Supreme Court. In July 2002, the Ohio Supreme Court affirmed this court's decision to award post-judgment interest but reversed as to the remand for an evidentiary hearing. The Ohio Supreme Court held that the trial court must compute post-judgment interest from the date of settlement.Snyder v. Lindsay, 96 Ohio St.3d 32, 2002-Ohio-3319, citing Hartmann v.Duffey, 95 Ohio St.3d 456, 2002-Ohio-2486.
 {¶ 8} Consistent with the Supreme Court's decision, the defendants tendered the interest that had accumulated on the settlement between the time it had been agreed upon, February 15, 2000, until the time the settlement proceeds were delivered on March 24, 2000. In January 2003, the Snyders filed another motion with the trial court seeking payment of additional interest upon the post-settlement interest that accumulated while the Snyders' motion to enforce interest was pending on appeal. In February 2003, the trial court granted the motion. The defendants appealed.
 {¶ 9} In their sole assignment of error, the defendants argue that the trial court erred in granting the Snyders' motion for additional interest. Specifically, the defendants argue that the trial court's award of additional interest on post-settlement interest amounts to compound interest which is prohibited by Ohio law.
 {¶ 10} In their motion for additional interest, the Snyders argued that they were entitled to compound interest or interest on interest. In support of this argument, they rely on Nakoff v. Fairview GeneralHospital (1997), 118 Ohio App.3d 786. However, in Nakoff, this court did not award interest on interest. In Nakoff, there was no settlement but rather a damage award for which the plaintiffs sought both prejudgment and post-judgment interest. Relying on Singer v. Celina Group d.b.a.National Mutual Insurance Co., Stark App. No. 0333, 1995 Ohio App. LEXIS 3690, this court held that prejudgment interest merges into the damage award to create a new "total sum" or principal upon which post-judgment interest may be calculated. Specifically, this court held:
{¶ 11} "Singer also held prejudgment interest shall merge with theunderlying damage award for purposes of post-judgment interest. Becauseprejudgment interest is part of the judgment and like all other componentsis merged into a single judgment, we uphold the trial court's decision."Nakoff, supra, at 788.
 {¶ 12} On appeal, the Snyders also rely on Thirty-Four Corp. v.Hussey, Franklin App. No. 84AP-337, 1985 Ohio App. LEXIS 7654. However,Thirty-Four Corp. stands for the proposition that a judgment creditor may be awarded post-judgment simple interest on unpaid prejudgment interest. Thus, Thirty-Four Corp. is also distinguishable and inapplicable to the case at bar.
 {¶ 13} R.C. 1343.03(A) governs awards of post-judgment interest and states:
"In cases other than those provided in sections 1343.01 and 1343.02 ofthe Revised Code, when money becomes due and payable * * * upon alljudgments, decrees, and orders of any judicial tribunal for the paymentof money * * * the creditor is entitled to interest at a rate of ten percent per annum, and no more, unless a written contract provides adifferent rate of interest in relation to money that becomes due andpayable * * *"
 {¶ 14} Thus, "simple interest is to be used when there is no specific agreement to compound interest or a statutory provision authorizing the compound interest." Williams v. Colejon MechanicalCorporation, Cuyahoga App. No. 68819, 1995 Ohio App. LEXIS 5196, citingState, ex. rel. Elyria v. Trubey (1984), 20 Ohio App.3d 8, 9. See, also,Viock v. Stowe-Woodward Co. (1989), 59 Ohio App.3d 3 (holding that R.C.1343.03 prohibits an award of additional interest on post-judgment interest). Therefore, simple interest must be used when awarding post-judgment or post-settlement interest pursuant to R.C. 1343.03, absent an agreement between the parties or a specific applicable statutory provision which provides otherwise.
 {¶ 15} In the instant case, the parties' settlement agreement does not provide for compound interest. The defendants tendered the full amount of the settlement or "principal" to the Fund on March 24, 2000. The Snyders did not seek an award of post-settlement interest until after the full amount of the settlement was already paid. When the Supreme Court ultimately awarded post-settlement interest in July 2002, the only amount due and owing by the defendants was the amount of post-settlement interest which was to be calculated from the date of the settlement to the date of payment of the settlement. Because the post-settlement interest does not merge into the judgment in this case, the Snyders are not entitled to interest upon interest. Accordingly, the defendants' sole assignment of error is well-taken.
Judgment reversed.
MICHAEL J. CORRIGAN, P.J. CONCURS;
 JAMES J. SWEENEY, J. CONCURS IN JUDGMENT ONLY (SEE SEPARATE CONCURRINGOPINION)