OPINION *Page 2 
{¶ 1} Defendant-Appellant, Goodman Realty Corporation, appeals from the judgment of the Hancock County Court of Common Pleas granting it a judgment of $10,000 plus simple interest at a rate of ten percent per annum from March 13, 1992, on a note secured by a mortgage. On appeal, Goodman Realty Corp. ("Goodman") argues that the trial court erred by failing to enforce the provision in the note providing for compound interest, and that the trial court erred by failing to give res judicata effect to a 1998 judgment by the trial court granting Goodman ten percent compound interest on the note. Based on the following, we affirm the judgment of the trial court.[1]
 {¶ 2} In July 1989, Diana Loss executed an adjustable rate note for $65,200 to Fifth Third Bank ("Fifth Third"), with the note being secured by a mortgage on her residence. In September 1991, Loss executed a note for $10,000 to Alan Kirshner, with the note also being secured by a mortgage on her residence. The Kirshner note contained a blank where the interest rate was to be filled in, but the rate was omitted and the blank contained only a dash with Loss' initials. The note provided that "[a]ll sums, both principal and interest, not paid promptly at maturity, shall bear the interest rate of — per cent per annum." (Sep. 1991 Note). *Page 3 
 {¶ 3} In February 1992, Fifth Third brought a foreclosure action against Loss for being in default on the note. Kirshner was named as a defendant in the foreclosure action because of his mortgage interest in Loss's residential property. In June 1992, the trial court filed a judgment entry in the foreclosure action, finding that Loss was in default on the Kirshner note and awarding judgment to him in the amount of $10,000 plus interest accruing from March 13, 1992. Because the rate of interest was not provided in the note, the trial court awarded interest on the judgment and not on the note itself at a rate of ten percent per annum pursuant to R.C. 1343.03[2] . Before a foreclosure sale could be executed on her residential property, Loss reinstated the Fifth Third mortgage and the sale was canceled. Subsequently, the Kirshner note and accompanying mortgage was assigned to Goodman.
 {¶ 4} In June 1997, Fifth Third again instituted foreclosure proceedings against Loss due to her default on the note. Goodman was named as a defendant in the action because of the interest it held through its mortgage on Loss's residence. In June 1998, the trial court filed its judgment entry, stating, in pertinent part:
 The Court further finds that Defendant Goodman Realty Corp. has filed an answer herein claiming an interest in the real estate described herein by virtue of a mortgage filed on September 23, 1991 in the Office of the Clerk of Courts, Hancock County, *Page 4 Ohio, upon which there is now due and owing Seventeen Thousand Seven Hundred Fifteen and 61/100 Dollars ($17,715.61), plus interest at the rate of 10% per annum from September 3, 1997.
(June 1998 Judgment Entry). Subsequently, Loss again reinstated the Fifth Third mortgage prior to the foreclosure sale, and the sale was canceled.
 {¶ 5} In January 2007, Fifth Third again instituted foreclosure proceedings against Loss due to her default on the note, and in February 2007, Goodman filed a cross-claim against Loss for the balance due on its note, on which Loss had also defaulted.
 {¶ 6} In July 2007, the trial court granted a judgment to Fifth Third on its note, and found that the Goodman mortgage on the property was a valid lien, subject only to unpaid real estate taxes and the Fifth Third mortgage.
 {¶ 7} In August 2007, the trial court issued a decree of foreclosure, ordering Loss's property to be sold to satisfy all debts owed thereon, and in September 2007, the property was sold.
 {¶ 8} In October 2007, Goodman filed a motion for summary judgment on its cross claim against Loss for the amount due on its note. In the motion, Goodman claimed an amount due of $43,861.10 plus interest at a rate of ten percent per annum from September 13, 2007. Goodman computed this figure by starting with $17,715.61, which he asserted was provided by the trial court's June 1998 judgment, then he compounded interest at a rate of ten percent per annum. *Page 5 
Goodman contended that the interest rate should be provided by former R.C. 1343.03, which was used in the trial court's June 1992 and June 1998 judgments, and that the compound interest was provided by the terms of the note and the trial court's June 1998 judgment.
 {¶ 9} In November 2007, Loss filed a response to Goodman's summary judgment motion, arguing that, although Goodman was awarded a judgment of $17,715.61 by the trial court's June 1998 judgment, simple interest, not compound interest, at a rate of ten percent per annum from September 3, 1997, should be awarded, yielding a net judgment amount of $35,431.22.
 {¶ 10} In June 2008, the trial court filed its judgment entry, granting summary judgment in favor of Goodman for $26,263.04, computed by beginning with the trial court's June 1992 judgment of $10,000 and adding simple interest at the statutory rate of ten percent per annum from former R.C. 1343.03. The judgment entry provided, in pertinent part:
 First, while Goodman Realty cites the language of the original note, the amount due is on the judgment granted June 25, 1992, which * * * established interest at the statutory judgment rate. * * * Second, the note itself on which Goodman Realty relies does not specify an interest rate, so any "compounding" would be meaningless on 0% interest. Finally, `"simple interest is to be used when there is no specific agreement to compound interest or a statutory provision authorizing the compound interest.'" Snyder v. Lindsay, 8th Dist. No. 82663, 2003-Ohio-5388, 2003 WL 22310915, ¶ 14, quoting Williams v. Colejon Mech. Corp., 8th Dist. No. 68819, 1995 Ohio App. LEXIS 5196. Therefore, post judgment interest must be simple interest, unless otherwise *Page 6 agreed or authorized. Id. The interest rate was fixed by statute at the time of the judgment * * *. Having begun accruing interest in 1992, that interest rate would continue to accrue, as simple interest, until the $10,000 principal is paid in full.
 * * *
 Goodman Realty incorrectly cites the 1997 foreclosure action as the basis for increased entitlement. * * * In this case, the original note merged into the judgment granted in 1992. * * * The 1997 reference to the amount asserted by Goodman Realty was no more than a finding that the amount was claimed. * * * A contract, in this case the promissory note, merges into the final judgment and extinguishes all claims that could have been litigated regarding the terms of that contract. See Stand Energy Corp. v. Ruyan, 1st Dist. No. C-050004, 2005-Ohio-4846, 2005 WL 2249107, ¶¶ 11-12 * * *. Having obtained judgment on the note in 1992, Goodman Realty is precluded from relitigating the terms of the original note on which statutory interest was granted. The judgment fixed Goodman Realty's rights, and that judgment accrues interest at the stated rate as simple interest.
(June 2008 Decision and Order, pp. 7-8).
 {¶ 11} It is from this judgment that Goodman appeals, presenting the following assignments of error for our review.
 Assignment of Error No. 1 THE TRIAL COURT ERRED BY ITS FAILURE TO ENFORCE THE COMPOUND INTEREST TERMS OF THE NOTE THAT PROVIDED THAT BOTH UNPAID PRINCIPAL AND INTEREST BEAR INTEREST ANNUALLY.
 Assignment of Error No. 2 THE TRIAL COURT ERRED BY ITS FAILURE TO GIVE RES JUDICATA EFFECT TO THE 1998 DECISION THAT *Page 7 USED THE NOTE PROVISION FOR COMPOUND INTEREST TO DETERMINE THE AMOUNT THEN DUE.
 {¶ 12} Due to the nature of Goodman's arguments, we elect to address its assignments of error together.
 Assignments of Error Nos. 1 and 2 {¶ 13} In its first assignment of error, Goodman argues that the trial court erred in granting simple interest and failing to follow the terms of the note providing for compound interest. Specifically, Goodman asserts that the note specifically required interest to be paid upon "both principal and interest," thereby evidencing a requirement that compound interest be paid. In its second assignment of error, Goodman asserts that the trial court erred by failing to give res judicata effect to the trial court's 1998 judgment granting it compound interest on the trial court's 1992 judgment of $10,000, for a total of $17,715.61. Specifically, Goodman argues that the trial court's finding in the 1998 judgment was a final judicial determination on the issues of the applicable interest rate and the method of computing interest, thereby precluding the trial court from granting any judgment other than ten percent compounded interest on $17,715.61 from September 3, 1997, to the present. We disagree.
 {¶ 14} An appellate court reviews an order granting summary judgment de novo. Hillyer v. State Farm Mut. Auto. Ins. Co. (1999),131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct *Page 8 
judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc.v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing State ex rel. Cassels v. Dayton City School Dist. Bd. ofEd., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ. R. 56(C);Horton v. Harwick Chemical Corp., 73 Ohio St.3d 679, 686-687,1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-59, 1992-Ohio-95.
 {¶ 15} Although we review the trial court's grant of summary judgment de novo, "[a] trial court has inherent power to interpret and enforce its own judgments," Clay v. Clay, 7th Dist. No. 06 BE 40,2007-Ohio-4638, ¶ 13, citing Cramer v. Petrie, 70 Ohio St.3d 131, 133,1994-Ohio-404; State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34,35, and such interpretations will not be reversed absent an abuse of discretion. Paradise Homes, Inc. v. Limbacher, 5th Dist. No. 2005AP100072, 2006-Ohio-1676, ¶ 23. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is *Page 9 
unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 16} R.C. 1343.03 provides a statutory rate of interest on notes and other instruments when no such rate is established by the parties. Former R.C. 1343.03(A) provided, in part:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
 {¶ 17} The former version of R.C. 1343.03 was amended in 2004 by 2004 Sub. H.B. No. 212, 150 Ohio Laws, Part III, 3417, but the current version only applies to actions pending on June 2, 2004, the effective date of the amendment. An action is considered to be "pending" `"from its inception until the rendition of final judgment.'" Black's Law Dictionary (5th Ed. 1979) 1021. The Supreme Court of Ohio in Maynard v.Eaton Corp., 119 Ohio St.3d 443, 2008-Ohio-4542, found that, for purposes of R.C. 1343.03(A), a matter is considered to be pending while on appeal because the trial court's judgment is suspended until the appellate *Page 10 
court issues its disposition, and, consequently, revised R.C. 1343.03(A) applied to cases "in which the trial court has entered final judgment prior to June 2, 2004, but the judgment is not yet paid in full and the case was pending on appeal as of that date." Id. at paragraph one of the syllabus.
 {¶ 18} Additionally, when calculating the method of computing interest under R.C. 1343.03(A), simple interest, and not compound interest, is to be awarded absent an agreement or statute providing otherwise. Viock v.Stowe-Woodward Co. (1989) 59 Ohio App.3d 3, 7-8; Snyder v. Lindsay, 8th Dist. No. 82663, 2003-Ohio-5388, ¶ 14.
 {¶ 19} The doctrine of res judicata serves to end litigation of a matter once that matter has been conclusively established through a final judgment. See Green v. Akron, 9th Dist. Nos. 18284, 18294,1997 WL 625484. The doctrine provides that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parhman Twp. (1995), 73 Ohio St.3d 379, paragraph one of the syllabus. Res judicata further provides that "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Page 11 Ft. Frye Teachers Assn. v. State Emp. Relations Bd, 81 Ohio St.3d 392,395, 1998-Ohio-435.
 {¶ 20} Because res judicata only applies to "valid, final judgments," an order must be final and appealable to preclude further litigation of the issue. See Queen City S. L. Co. v. Foley (1960), 170 Ohio St. 383, paragraphs one and three of the syllabus. An order directing a foreclosure sale and finding the amount due to various claimants is a final appealable order. Oberlin Sav. Bank v. Fairchild (1963),175 Ohio St. 311, 312; See, also, Ohio Dept. of Taxation v. Plickert (1998),128 Ohio App.3d 445, 446. Furthermore, the judicial finding of an amount due in a foreclosure proceeding has been held to conclusively establish that finding as to subsequent proceedings under the doctrine of res judicata.Italiano v. Commercial Fin. Corp. (2002), 148 Ohio App.3d 261, 267;Doyle v. West (1899), 60 Ohio St. 438, 443-444.
 {¶ 21} In the case at bar, Loss executed a note in September 1991 providing that "[a]ll sums, both principal and interest, not paid promptly at maturity, shall bear the interest rate of — per cent per annum." (Emphasis added) (September 1991 Note). The blank space where the rate of interest was to be filled in only had a line through it, but the fact that the note identifies that both principal and interest will bear interest indicates that the note calls for compound interest. *Page 12 
 {¶ 22} In its June 1992 foreclosure judgment entry, the trial court found Loss in default on the note and ordered payment of the $10,000 principal amount plus interest at a rate of ten percent per annum from the date of judgment as provided under former R.C. 1343.03(A), as the note did not provide an interest rate, but the trial court's judgment entry did not state whether the interest was compound or simple.
 {¶ 23} Goodman argues that the trial court's June 1998 judgment entry granted him a judgment of $17,715.61 on the note, plus interest at a rate of ten percent per annum from September 3, 1997. However, the wording of the judgment was ambiguous, as it did not explicitly find that Goodman was entitled to that sum, but that Goodman was"claiming an interest in the real estate * * * upon which there is now due and owing Seventeen Thousand Seven Hundred Fifteen and 61/100 Dollars ($17,715.61)." (Emphasis added) (June 1998 Judgment Entry). If the trial court's judgment was a finding of what was owed Goodman, and not simply what was claimed, then the trial court would have been granting compound interest on the note, as a grant of simple interest on the $10,000 June 1992 judgment would have yielded a smaller figure than $17,715.61.
 {¶ 24} In its June 2008 judgment entry, the trial court awarded Goodman $26,263.04, computed by granting simple interest on the June 1992 $10,000 judgment. In awarding this amount, the trial court found that the June 1998 *Page 13 
judgment did not grant Goodman $17,715.61, but that the trial court was simply stating the amount that Goodman claimed. Because there was no finding of an amount actually due Goodman in the June 1998 judgment, the trial court went back to the June 1992 judgment and awarded simple interest on $10,000. The trial court reasoned that, although the terms of the note called for compound interest, simple interest should be awarded because the June 1992 judgment did not specify that interest was to be compounded, and the note did not provide an interest rate; therefore it was not a full agreement to compound interest, and when the interest rate is supplied by R.C. 1343.03(A), `"simple interest is to be used when there is no specific agreement to compound interest or a statutory provision authorizing the compound interest."' (June 2008 Judgment Entry, p. 7, quoting Snyder, 2003-Ohio-5388 at ¶ 14.)
 {¶ 25} In reviewing the trial court's decision, we find its interpretation of the June 1998 judgment to be reasonable. Although that judgment could also be interpreted as a finding of the amount due Goodman, and not simply of the amount it claimed, the trial court is granted discretion in interpreting its prior judgments, and we find there to be no abuse of discretion in this interpretation. Because the June 1998 judgment was not a finding of the amount owed Goodman, the trial court was correct in concluding that res judicata did not require it to grant compound interest on $17,715.61 from June 1998 to the present. *Page 14 
 {¶ 26} Furthermore, we find that the trial court was correct in granting Goodman a judgment of simple interest on the $10,000 June 1992 judgment, accruing from that date to the present. The June 1992 judgment was a finding of the amount owed Goodman in the foreclosure proceedings, and, as such, it was a final appealable order which fixed the rights of the parties on that issue. We note that because the June 1992 judgment did not award any amount of interest on the note prior to the date of judgment, the court implicitly found that the note did not intend any interest. Accordingly, res judicata required the trial court to grant Goodman $10,000 plus interest accruing from June 1992. However, the June 1992 judgment does not state the method for computing interest, and the June 1998 judgment was not a finding of the amount due Goodman, therefore, these judgments do not grant compound interest, and res judicata does not require an award of compound interest. Moreover, while the terms of the note called for compound interest, the note did not provide an interest rate, and without a rate, there was no agreement to compound interest. Because there was no prior judgment, specific agreement, or statute authorizing compound interest, a grant of simple interest was proper. See Viock, 59 Ohio App.3d at 7-8.
 {¶ 27} Finally, we find the trial court accurately awarded interest at a ten percent rate, as that rate was conclusively established in the trial court's June 1992 judgment and granted pursuant to former R.C. 1343.03(A). Even though the *Page 15 
present foreclosure action would have fallen under revised R.C. 1343.03(A) because it was filed after 2004, the former version of the statute was correctly applied to give a ten percent interest rate because a valid, final judgment granting ten percent interest was already issued on the note in June 1992, thereby not making the action pending on the effective date of revised R.C. 1343.03(A), and binding the trial court under res judicata principles.
 {¶ 28} Because we find that the June 1998 judgment was not a finding on the amount owed Goodman and did not grant compound interest; that the note does not amount to an agreement for compound interest; and, that res judicata establishes a $10,000 judgment with ten percent interest accruing from 1992 to the present, we find that the trial court did not err in granting Goodman $10,000 plus simple interest accruing at a rate of ten percent per annum from March 13, 1992.
 {¶ 29} Accordingly, we overrule Goodman's first and second assignments of error.
 {¶ 30} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 PRESTON, P.J. and WILLAMOWSKI, J., concur.
[1] We note that all claims involving Fifth Third Bank have been resolved and that only the claims of Goodman Realty are the subject of this appeal.
[2] R.C. 1343.03 was amended in 2004 to provide for a different rate of interest, but the former version of the statute was in effect at the time of these proceedings. *Page 1