[Cite as *Cruse v. Finley*, 2012-Ohio-5465.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| WENDELL L. CRUSE, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No: 12CA2 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| MICHAEL FINLEY, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | Filed: November 21, 2012 |

APPEARANCES:

Wendell L. Cruse, Huntington, WV, *pro se* Appellant.

Brigham M. Anderson, Ironton, Ohio, for Appellee.

Kline, J.:

{¶1}    Wendell L. Cruse (hereinafter "Cruse") appeals the judgment of the

Lawrence County Court of Common Pleas, which granted summary judgment in favor

Michael Finley (hereinafter "Finley").  On appeal, Cruse argues that the trial court erred

when it granted summary judgment on the basis of res judicata.  We agree.  Because

the municipal court did not enter a final appealable order in the prior case between

Cruse and Finley, the doctrine of res judicata cannot apply to the present case.

Therefore, we find that Finley is not entitled to judgment on the basis of res judicata.

We reverse the judgment of the trial court, and remand this cause to the trial court for

further proceedings consistent with this opinion.

I.

{¶2}    Cruse rented an apartment from Finley.  And on November 25, 2008, Finley filed suit against Cruse in the Lawrence County Municipal Court.  Finley advanced two claims against Cruse: (1) a forcible-entry-and-detainer claim and (2) a claim for unpaid rent.  (Hereinafter, we will refer to the municipal-court proceedings as the "Municipal Court Case.")  Apparently, Cruse was in jail when Finley filed the November 25, 2008 complaint.

{¶3}    In a December 16, 2008 judgment entry, the municipal court decided in favor of Finley on the forcible-entry-and-detainer claim.  Finley then retook possession of the apartment, but the claim for unpaid rent remained unresolved.

{¶4}    On January 8, 2009, Cruse filed his answer to Finley's complaint.  Cruse alleged that, in retaking the apartment, Finley had obtained thousands of dollars worth of Cruse's personal property.  As a result, Cruse requested that "any property removed from 322 E. 4th Ave. Chesapeake, Ohio 45619 be held in storage at Defendant's cost, by the plaintiff, until Defendant can be released [from jail]."  January 8, 2009 Answer at 4.

{¶5}    The municipal court held a hearing on June 1, 2009.  That same day, the municipal court entered judgment in favor of Finley on the claim for unpaid rent.  The June 1, 2009 judgment entry does not, however, address Cruse's personal-property claims.

{¶6}    On December 2, 2010, Cruse filed the present case against Finley.  Cruse once again alleged that Finley had unlawfully taken Cruse's personal property when Finley regained possession of the apartment.

{¶7}   On January 25, 2012, Finley filed a motion for summary judgment.  In relevant part, Finley's motion states the following: "[T]he plaintiff herein has previously litigated the very issues presently before the court.  In the prior eviction proceeding the plaintiff herein, Wendell Cruse * * * asserted that the Defendant herein converted his property.  These are the same issues presently before the Court. * * * Therefore, this case is barred by the doctrine of Res Judicata."

{¶8}   Eventually, the trial court granted summary judgment in favor of Finley.  In agreeing with Finley's res-judicata argument, the trial court found the following: "Defendant Finley's argument that res judicata bars this Court from taking up the issues of the Plaintiff Cruse's personal property from this eviction situation is correct. * * * Based upon the Court's ruling as to res judicata, the Court will not proceed to also discuss the issue of 'uncontroverted facts and a secondary right to summary judgment.'" February 9, 2012 Judgment Entry at 2-3.

{¶9}   Cruse appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED IN RULING THAT RES JUDICATA BARRED THIS ACTION."

II.

{¶10}  In his sole assignment of error, Cruse contends that the trial court erred when it granted summary judgment on the basis of res judicata.

{¶11}  "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a

matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). *Accord Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

**{¶12}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *Accord Grimes* at ¶ 15.

**{¶13}** "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991). *Accord Grimes* at ¶ 16.

**{¶14}** The trial court granted summary judgment in favor of Finley solely on the basis of res judicata. "Under the doctrine of res judicata, 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'"

*Beneficial Ohio, Inc. v. Parish*, 4th Dist. No. 11CA3210, 2012-Ohio-1146, ¶ 11, quoting

*Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "Because res

judicata only applies to 'valid, final judgments,' an order must be final and appealable to

preclude further litigation of the issue." *Fifth Third Mtg. Co. v. Goodman Realty Corp.*,

3d Dist. No. 5-08-30, 2009-Ohio-81, ¶ 20. *See also Reed v. Morgan*, 12th Dist. No.

CA2011-03-065, 2012-Ohio-2022, ¶ 9; *Fairchilds v. Miami Valley Hosp., Inc.*, 160 Ohio

App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381, ¶ 55 (2d Dist.).

> "The party asserting res judicata must show the following
>
> four elements: (1) there was a prior valid judgment on the
>
> merits; (2) the second action involved the same parties as
>
> the first action; (3) the present action raises claims that were
>
> or could have been litigated in the prior action; and (4) both
>
> actions arise out of the same transaction or occurrence."
>
> *PNC Bank v. Richards*, 10th Dist. No. 11AP-275, 2012-Ohio-
>
> 1610, ¶ 10, quoting *Reasoner v. Columbus*, 10th Dist. No.
>
> 04AP-800, 2005-Ohio-468, ¶ 5.

Finally, "'[t]he applicability of res judicata is a question of law that is subject to de novo

review.'" *Beneficial Ohio* at ¶ 11, quoting *Althof v. State*, 4th Dist. No. 04CA16, 2006-

Ohio-502, ¶ 13.

{¶15} Here, we find that res judicata does not apply because the Municipal Court

Case lacks a final appealable order. Cruse asserted a counterclaim in his January 8,

2009 answer. This counterclaim remains pending, and the municipal court's June 1,

2009 judgment entry does not satisfy Civ.R. 54(B).

**{¶16}** Civ.R. 54(B) provides the following:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

"An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable." *Oakley v. Citizens Bank of Logan*, 4th Dist. No. 04CA25, 2004-Ohio-6824, ¶ 9, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus. *Accord Rice v. Lewis*, 4th Dist. No. 11CA3451, 2012-Ohio-2588, ¶ 10.

**{¶17}** Finley advanced two claims in the Municipal Court Case -- (1) a forcible-entry-and-detainer claim and (2) a claim for unpaid rent. *See generally Haney v. Roberts*, 130 Ohio App.3d 293, 298-299, 720 N.E.2d 101 (4th Dist.1998) (explaining that "a forcible entry and detainer action and a suit for damages arising from the landlord-tenant relationship remain two distinct causes of action"). The municipal court decided the forcible-entry-and-detainer claim on December 16, 2008, but Finley's claim for unpaid rent remained pending until June 1, 2009.

{¶18} On January 8, 2009, Cruse filed his answer to Finley's complaint.[1] Cruse alleged that Finley

> has obtained possession of over $10,000 worth of
>
> defendant's property, including but not limited to a brand
>
> new living room suite, dining room suite and bedroom suite,
>
> 2 flat screen television sets and various electronic items,
>
> including but not limited to, computers, two stereos and
>
> various art and antique items.  Plaintiff also has possession
>
> of over $5,000 worth of defendant's clothing.  January 8,
>
> 2009 Answer at 3-4.

Cruse's answer then requests "that the writ of restitution be rescinded or in the alternative, this court order's [sic] any property removed from 322 E. 4th Ave. Chesapeake, Ohio 45619 be held in storage at Defendant's cost, by the plaintiff, until Defendant can be released [from jail]."

{¶19} After a liberal reading of Cruse's January 8, 2009 Answer, we find that he asserted a counterclaim for replevin.[2]  *See Millennia Hous. Mgt. v. Johnson*, 8th Dist.

---

[1] It appears as though Cruse did not file his answer within 28 days of Finley's November 25, 2008 complaint.  *See* Civ.R. 12(A).  Nevertheless, the municipal court did not grant Finley a default judgment on the claim for unpaid rent.  *See* Civ.R. 55(A).  Instead, the municipal court held a hearing and decided the unpaid-rent claim on the merits. Accordingly, we presume that the municipal court permitted Cruse's January 8, 2009 Answer under Civ.R. 6(B)(2).  *See McGrath v. Bassett*, 196 Ohio App.3d 561, 2011-Ohio-5666, 964 N.E.2d 485, ¶ 14 (8th Dist.).  In any event, both Finley and Cruse make arguments that rely upon Cruse's January 8, 2009 Answer being a valid part of the record in the Municipal Court Case.

[2] In his January 9, 2009 answer, Cruse claimed that his personal property was worth more than $15,000.  And in the present case, Cruse argues that res judicata should not apply because "a Municipal Court in Ohio does not have jurisdiction on a lawsuit claiming over $15,000.00 in damages."  Brief of Plaintiff-Appellant at 5.  Cruse is correct

No. 96854, 2012-Ohio-1044, ¶ 10 (explaining that courts should liberally construe the motions and pleadings of pro se litigants); *Florkey v. Malott*, 4th Dist. No. 11CA9, 2011-Ohio-5199, ¶ 18 (construing a pro se plaintiff's complaint in a liberal manner); *see generally Basinger v. York*, 2012-Ohio-2017, 969 N.E.2d 797, ¶ 7 (4th Dist.) (defining replevin).  The municipal court, however, did not resolve Cruse's counterclaim in the June 1, 2009 judgment entry.  And "[b]ecause the [June 1, 2009 judgment entry] failed to adjudicate every claim and/or dispose of all parties, we must look to see if the [municipal] court certified that there was no just reason for delay.  A review of the [municipal] court's entry reveals that it did not."  *Bumgarner v. Bumgarner*, 4th Dist. No. 08CA21, 2009-Ohio-3490, ¶ 6.  As a result, there is no final appealable order in the Municipal Court Case.

{¶20}  Because there is no final appealable order in the Municipal Court Case, res judicata cannot apply to the present case.  *See Fifth Third Mtg. Co.*, 2009-Ohio-81, at ¶ 20.  Therefore, the trial court erred when it granted summary judgment on the basis of res judicata.  Furthermore, because the trial court decided this case *solely* on the basis of res judicata, we will not consider whether summary judgment may be appropriate for another reason.  "In light of the Ohio Supreme Court's determination in *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138, we, as an appellate court, should not first consider an argument that the trial court did not address."  *Lang v. Holly Hill Motel, Inc.*, 4th Dist. No. 05CA6, 2005-Ohio-6766, ¶ 22.

---

about the jurisdictional limit of a municipal court.  *See* R.C.1901.17.  However, because the property was not appraised under R.C. 1901.22(D), we cannot determine whether the trial court lacked jurisdiction over Cruse's replevin counterclaim.  *See generally Mouser v. Ohio Historical Soc.*, 4th Dist. No. 78 CA 8, 1979 WL 206821, *2-3 (remanding an action to the municipal court "for the purpose of having the personal items at issue appraised").

The *Murphy* court stated the following: "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Murphy* at 360. Accordingly, we offer no opinion as to whether summary judgment may be appropriate on other grounds.

{¶21} For the forgoing reasons, we find that the trial court erred in granting summary judgment in favor of Finley. As a result, we sustain Cruse's sole assignment of error, reverse the trial court's judgment, and remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED
AND CAUSE REMANDED.**

Harsha, J., concurring in judgment only:

**{¶22}**  Cruse's January 8, 2009 "answer" filed in the municipal court case alleges conversion by Finley of over $15,000 worth of personal property.  Even if we consider the "answer" to include a counterclaim, those allegations on their face exceed the jurisdictional limit of the municipal court.  Because the court had no jurisdiction, it did not have to address the part of the answer/counterclaim that was a nullity.  So, there is no final appealable order issue in my view.

**{¶23}** However, because the municipal court did not and could not address the replevin/conversion issue, there can be no *res judicata* preclusion based on that case.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THIS CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J.:     Concurs in Judgment Only with Opinion.
McFarland, J.: Dissents.


For the Court


BY:_____
     Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**