[Cite as *Multibank 2009-1 CML-ADC VENTURE, L.L.C. v. S. Bass Island Resort, Ltd.*, 2014-Ohio-4513.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Multibank 2009-1 CML-ADC
VENTURE, LLC

        Appellee

v.

South Bass Island Resort, Ltd., et al.

        Appellants

Court of Appeals No. OT-13-004

Trial Court No. 2008CV0479

**<u>DECISION AND JUDGMENT</u>**

Decided:  October 10, 2014

* * * * *

Martha S. Sullivan, Stephanie E. Niehaus and F. Maximilian
Czernin, for appellee.

D. Jeffery Rengel and Thomas R. Lucas, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} South Bass Island Resort, Ltd. ("SBIR"), Cecil Weatherspoon, Terry L.

Ross, and John C. Tomberlin, appellants, appeal December 18, 2012, January 22, 2013,

and April 9, 2013 judgments of the Ottawa County Court of Common Pleas in a dispute

arising out of a June 14, 2006 loan by Columbian Bank to SBIR. Multibank 2009-1 CML-ADC VENTURE, LLC ("Multibank") is the successor in interest to Columbian Bank with respect to the transaction and is the appellee. For ease of reference, we will refer to Columbian Bank and Multibank collectively in this decision and judgment as "the Bank."

{¶ 2} Under the June 14, 2006 loan agreement, the Bank agreed to loan SBIR up to $8,600,000 and SBIR executed a cognovit promissory note ("the Note") and an open-end mortgage, assignment of rents, and security agreement ("the Mortgage"). As additional security for the loan, appellants Weatherspoon and Tomberlin together with 250 Centre Ltd. each executed separate cognovit unconditional guarantees of the loan. Weatherspoon also executed, as collateral, an assignment of an insurance policy.

{¶ 3} The loan mortgage relates to parcels of real property located in Erie and Ottawa counties. On August 15, 2008, the Bank filed separate lawsuits in both counties. The Bank filed this action in the Ottawa County Court of Common Pleas. The Bank filed the other in the Erie County Court of Common Pleas in a case entitled *Multibank 2009-1 CML-ADC Venture, LLC v. South Bass Island Resort, Ltd.*, case No. 2008-CV-0749 (Erie Cty. C.P. Ct.).

{¶ 4} The Bank filed a motion for summary judgment in this case. In the December 18, 2012 judgment, the trial court found that the defendants were in default on the terms of the loan agreement and mortgage and granted the Bank summary judgment

2.

on Counts 1, 2, 3, 5 and 8 of the complaint. The Bank had acknowledged that the other counts of the complaint were moot.

{¶ 5} In the January 22, 2013 judgment, the trial court granted relief. Under Count 1 of the complaint, the court awarded the Bank judgment against SBIR and the guarantors (identified as Weatherspoon, Tomberlin, and 250 Centre Ltd.), jointly and severally for principal owing under the note of $7,849,093.30 together with interest, taxes, attorney's fees, demolition and repair charges levied by the Put in Bay Township Board of Trustees and other amounts which were undetermined at that time.

{¶ 6} Under Counts 2 and 3 of the complaint, the court determined that the Mortgage secured indebtedness under the Note and that the Mortgage was a valid, first and best lien on the property (excluding any lien for real estate taxes). The court found that because of a scrivener's error the Mortgage contained an incorrect legal description and ordered the legal descriptions of Parcels 7 and 8 of the property set forth in the Mortgage reformed to conform to descriptions of those parcels as set forth in Count 3 of the complaint. The court ordered foreclosure against the real property subject to the mortgage.

{¶ 7} Under Count 5 of the complaint, the trial court granted the Bank judgment under the security agreement entered into by SBIR with the Bank and granted the Bank relief against personal property described in the security agreement and UCC financing statements filed by the Bank.

3.

**{¶ 8}** Under Count 8 of the complaint, the court determined that the assignment of a term life insurance by appellant Cecil Weatherspoon was authentic and binding against him. The court determined that as a result of breach of the loan agreement, the Bank may exercise any and all rights under the assignment available to the Bank, including but not limited to surrender of the insurance policy.

**{¶ 9}** Appellants filed a Civ.R. 60(B) motion for relief from both the December 18, 2012 and January 22, 2013 judgments and filed a notice of appeal from those judgments while the Civ.R. 60(B) motion was pending. Upon motion of appellants, we remanded the case to the trial court to permit ruling on the Civ.R. 60(B) motion. The trial court overruled the motion in a judgment filed on April 9, 2013.

**{¶ 10}** We granted appellants leave to amend their notice of appeal to include the trial court's judgment denying Civ.R. 60(B) relief on July 29, 2013. Appellants assert three assignments of error on appeal:

**Assignments of Error**

1. The trial court erred when it granted summary judgment in a foreclosure action where the underlying note was not a part of the action and had not been reduced to judgment.

2. The trial court erred when it denied appellants' 60(B) motion to vacate without providing appellants a hearing on that motion.

3. The trial court erred when it granted summary judgment to appellee after once previously denying the motion and where appellee never requested or was granted leave to file a second motion.

{¶ 11} We consider the assignments of error out of turn, and consider assignment of error No. 3 first.

{¶ 12} The Bank filed two motions for summary judgment. It filed the first motion on December 16, 2011. On December 20, 2011, the trial court denied the motion "for failure to comply with Local Rule 25.01." The local rule is procedural. It requires that dispositive motions be accompanied by notice of a non-oral hearing date.

{¶ 13} The Bank filed a second motion for summary judgment on January 13, 2012, together with the required notice of a non-oral hearing date. The trial court granted the second motion for summary judgment in its judgment of December 18, 2012.

{¶ 14} Under assignment of error No. 3, appellants argue that the motion for summary judgment should have been denied as out of rule because Civ.R. 56(A) requires leave of court to file a motion for summary judgment where the case has been set for pretrial or trial. Appellants argue that the Bank did not seek leave of court to file the second motion and the trial court did not grant leave to file when it granted the motion for summary judgment on December 18, 2012.

{¶ 15} Appellants raised this argument in its brief opposing the motion for summary judgment in the trial court. The trial court did not address the issue in its

5.

judgment granting summary judgment. The trial court proceeded as if leave had been granted and ruled on the merits.

{¶ 16} In our view, the trial court impliedly granted the Bank leave to file the second motion for summary judgment when it considered and ruled on the motion. *See St. Paul Fire & Marine Ins. Co. v. Corwin*, 6th Dist. Wood No. WD-00-058, 2001 WL 536877, *2 (May 18, 2001); *Capital One Bank (USA) N.A. v. Ryan*, 10th Dist. Franklin No 14AP-102, 2014-Ohio-3932, ¶ 31.

{¶ 17} We find assignment of error No. 3 not well-taken.

{¶ 18} Under assignment of error No. 1, appellants argue that the trial court erred when it granted the motion for summary judgment.

{¶ 19} Appellate review of trial court judgments granting motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). To prevail on a motion for summary judgment the moving party must demonstrate:

> (1) that there is no genuine issue as to any material fact; (2) that the
> moving party is entitled to judgment as a matter of law; and (3) that
> reasonable minds can come to but one conclusion, and that conclusion is
> adverse to the party against whom the motion for summary judgment is
> made, who is entitled to have the evidence construed most strongly in his

6.

favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 20} The grant of summary judgment is limited to circumstances where there is no dispute of material fact. Civ.R. 56(C) provides:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 21} Under assignment of error No. 1, appellants argue that the trial court erred in granting the Bank's motion for summary judgment. Appellants contend first that the Bank did not request judgment on the loan note in this action. Rather, appellants contend that the Bank brought this action to foreclose against property in Ottawa County alone and relied upon a November 16, 2011 judgment in Erie County to establish whether the note was breached and the damages caused by any breach. Second, appellants contend that the Erie County judgment on the note was not a final judgment to which res judicata applies and that the trial court erred in granting summary judgment in reliance on the preclusive effect of liability determinations in the Erie County judgment.

{¶ 22} Appellee argues that the trial court did not err in granting summary judgment based upon two alternative grounds. First, the Bank contends that the parties are bound by a November 16, 2011 judgment by the Erie County Court of Common Pleas

7.

in *Multibank 2009-1 CML-ADC Venture, LLC v. South Bass Island Resort, Ltd*., case No. 2008-CV-0749 (Erie Cty. C.P. Ct.) and the judgment is to be given preclusive effect on matters determined in the judgment. Second, the Bank contends that the grant of summary judgment was fully supported by evidence submitted by it in support of the motion.

{¶ 23} The Bank acknowledges that the Erie County judgment did not resolve all claims against all parties in that case. The issue of whether the guaranty executed by appellant John Tomberlin is valid and enforceable was not resolved in the November 16, 2011 judgment and had been set for trial. The record demonstrates that the November 16, 2011 judgment contains no express determination by the Erie County Court of Common Pleas of "no just reason for delay" under Civ.R. 54(B).

### Scope of Relief Sought in Ottawa County Proceedings

{¶ 24} A review of the complaint filed in this action demonstrates that appellants' contention that the case seeks no determination of liability arising from claimed breach of the loan note is incorrect. A copy of the executed loan agreement and cognovit promissory note were attached as exhibit A to the complaint. Complaint, ¶ 8. Appellee alleged that the loan note was "in default because payments required to be made under the terms of the Note and Mortgage have not been made. The default has not been cured." Complaint, ¶ 10.

8.

**{¶ 25}** In Count 1 of the complaint, the Bank alleged that it was

due upon the Note principal in the amount of $7,849,093.30, plus interest on the outstanding principal balance at the rate of 11% per annum from November 14, 2007, plus late charges, plus advances made for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code. Complaint, ¶ 15.

[Appellee prayed for] [j]udgment in Counts 1 and 2 against the interests of South Bass Island Resort, Ltd. In (sic) the subject real estate in the amount of $7,849.093, plus interest on the outstanding principal balance at the rate of 11% per annum from November 14, 2007, plus late charges, plus advances made for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code, plus reasonable attorney fees and court costs, and supplemented by any additional amounts found to be due and owing under the additional mortgage reference in this Complaint." Complaint, ¶ 40.

**{¶ 26}** Whether there had been a breach of obligations under the loan note and the amount of any damages caused by any breach were issues properly before the trial court for determination under the allegations of the complaint.

9.

**{¶ 27}** In its motion for summary judgment, the Bank sought a monetary judgment, foreclosure against real property and other relief against personal property. The Bank sought monetary relief against SBIR, 250 Centre Ltd., and Cecil Weatherspoon, jointly and severally, for $16,441,050.50,

> comprised of principal in the amount of $7,849.093.30, together with accrued but unpaid interest calculated at the default Note rate of 25% from December 15, 2007 (totaling $7,892,699.37), taxes totaling $125,752.94, title costs of $4,244.50, late charges and fees in the amount of $392,454.67, plus interest accruing at the default rate of 24% from December 2, 2011 ($5,450.76 per diem), attorney's fees and court costs related to this and the Erie County case (totaling $171,354.96) as of November 29, 2011), and any additional amounts found to be due and owing. Appellants' second motion for summary judgment, p. 3.

**{¶ 28}** Appellants' contention that appellee did not seek judgment on the note in this action is without merit.

### Issue Preclusion Under Erie County Judgment

**{¶ 29}** The doctrine of issue preclusion "holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 44. The doctrine applies

only to final judgments. *Glidden* at ¶ 45; Restatement of the Law 2d, Judgments, Section 27.

{¶ 30} Appellants argue that the November 16, 2011 Erie County judgment in the related case is not a final judgment and that, therefore, the appellants were not prevented from relitigating issues determined in the Erie County judgment. We agree. The Erie County judgment adjudicated the rights and liabilities of fewer than all the parties. Liability of appellant Tomberlin under his guaranty remained to be adjudicated. The judgment did not include a Civ.R. 54(B) determination of no just reason for delay.

{¶ 31} Civ.R. 54(B) specifically provides that such a judgment remains subject to revision by the trial court in the case:

> [I]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 32} Absent the express determination of no just reason for delay, where the judgment "adjudicates fewer than all claim or the rights and liabilities of fewer than all the parties" a court is free to simply reconsider and revise prior rulings on summary judgments in a case pending before it. *Watson v. Ford Motor Co.*, 6th Dist. Erie No.

11.

E-06-074, 2007-Ohio-6374, ¶ 44; *Hundsrucker v. Perlman*, 6th Dist. Lucas No. L-03-1293, 2004-Ohio-4851, ¶ 25.

{¶ 33} We conclude that the November 16, 2011 Erie County judgment is not a final judgment entitled to preclusive effect. *See Cruse v. Finley*, 4th Dist. Lawrence No. 12CA2, 2012-Ohio-5465, ¶ 19-20. Accordingly, whether summary judgment was properly granted in this case must be determined from consideration of the evidence submitted for court consideration on the motion under Civ.R. 56(C) alone.

**Summary Judgment**

{¶ 34} The only evidentiary material submitted by the Bank in support of its motion for summary judgment is the affidavit of Michael Yaffe and a series of documents attached as exhibits to the affidavit. Yaffe states in his affidavit that Multibank holds the loan at issue in this litigation by assignment from the FDIC, as receiver of the Columbian Bank, and that he is the asset manager of the loan at issue and familiar with it. He states that he is familiar with the maintenance of the records as kept in the ordinary course of business with respect to the loan.

{¶ 35} Yaffe identified exhibit A, attached to his affidavit, as a true and accurate copy of the loan agreement reflecting a loan from Columbian Bank to SBIR with the cognovit promissory note by SBIR attached. Yaffe identified as exhibit B, attached to his affidavit, as a true and accurate copy of the open-end mortgage to Columbian Bank executed in consideration for the loan agreement.

12.

{¶ 36} In the affidavit, Yaffe stated that both Cecil Weatherspoon and 250 Centre, Ltd. each executed a cognovit unconditional guarantee to guarantee full and prompt payment under the loan agreement to Columbian Bank and that true copies of the cognovit guarantees were attached as exhibits C and D to his affidavit.

{¶ 37} Yaffe stated in his affidavit that John Tomberlin also executed a guarantee in favor of Columbian Bank, but made no statement concerning the guarantee other than to state that liability of Tomberlin under the guarantee would be established at trial in 2012. The Bank did not seek judgment against Tomberlin in its motion for summary judgment. Although a document marked exhibit E is attached to the Yaffe affidavit and purports by its terms to be a guarantee by Tomberlin, the document was not authenticated by Yaffe in his affidavit.

{¶ 38} Yaffe stated in the affidavit that SBIR executed a security agreement granting Columbian Bank a secured interest in all of SBIR's personal property as listed in the SBIR personal property security agreement as additional collateral for the loan agreement. Yaffe stated that exhibit E, attached to his affidavit, is a true and accurate copy of the SBIR personal property security agreement.

{¶ 39} Yaffe also stated in the affidavit that Cecil Weatherspoon executed a security agreement granting Columbian Bank a secured interest in his membership interest in SBIR, as listed in the security agreement as additional collateral for the loan agreement. Yaffe stated that exhibit F, attached to his affidavit, is a true and accurate copy of the Weatherspoon security agreement.

13.

**{¶ 40}** According to the affidavit Columbian recorded its secured interests in real and personal property of SBIR and Cecil Weatherspoon through various financing statements filed through the UCC filing system and the Ottawa County Recorder's office. Yaffe stated in the affidavit that true and accurate copies of the UCC filings were attached as exhibit G to his affidavit.

**{¶ 41}** Yaffe also stated in the affidavit that Cecil Weatherspoon executed an assignment of life insurance policy as further collateral for the loan agreement and that the assignment gave Columbian Bank rights under a term life insurance policy held by Weatherspoon through First Colony Life Insurance Company. Yaffe identified exhibit H, attached to the affidavit, as a true and accurate copy of the assignment of life insurance policy.

**{¶ 42}** At paragraph 11 of his affidavit, Michael Yaffe stated that the current amount due and owing under the loan agreement and note as of December 2, 2011, totaled the sum of $16,441,050.50 and that the amount was

> comprised of principal in the amount of $7,849,093.30, together with accrued but unpaid interest at the default note rate of 25% from December 15, 2007 totaling $7,892,699.37, taxes totaling $125,752.94, title costs of $4,244.50, late charges and fees in the amount of $392,454.67, plus $5,450.76 per diem interest accruing at the default rate of 25% from December 2, 2011, attorney fees and court costs related to this litigation

14.

and the Erie County litigation totaling $171,354.96 as of November 29, 2011, and any additional amounts found to be due and owing.

{¶ 43} Appellants did not file any affidavit or other evidentiary material for court consideration in opposition to the motion for summary judgment.

{¶ 44} The elements of proof necessary for a successful motion for summary judgment in a foreclosure action are established:

In order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing:

1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

3.) all conditions precedent have been met;

4.) the mortgagor is in default; and

5.) the amount of principal and interest due. *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202, ¶ 40-45; *JPMorgan Chase Bank, Natl. Assn. v. Salazar*, 6th Dist. Lucas No. L-13-1038, 2014-Ohio-1002, ¶ 11; *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

15.

**{¶ 45}** The Yaffe affidavit and exhibits to the affidavit constitute the only evidence submitted by the Bank in support of its motion for summary judgment. The affidavit, however, did not state that SBIR was in default or that the Bank had complied with all conditions precedent for foreclosure. Accordingly, we conclude appellee failed to discharge its initial summary judgment burden and appellee's motion for summary judgment should have been denied on that basis.

**{¶ 46}** As we have determined that the November 16, 2011 Erie County judgment was not a final judgment and has no preclusive effect and that the grant of summary judgment is not otherwise supported by evidence submitted for court consideration on the motion, we conclude that the trial court erred in granting the Bank's motion for summary judgment.

**{¶ 47}** We conclude that assignment of error No. 1 is well-taken.

**{¶ 48}** We find assignment of error No. 2 with respect to claimed trial court error in the denial of appellants' Civ.R. 60(B) motion for relief from judgment moot.

**{¶ 49}** Justice not having been afforded the parties complaining, we reverse the December 18, 2012 and January 22, 2013 judgments of the Ottawa County Court of Common Pleas and remand this cause to that court for further proceedings. We order appellee to pay the costs of this appeal pursuant to App.R. 24.

Judgments reversed.

16.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.